# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NAZARIO ARAGUZ ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:16-cv-0824 |
| ] | Judge Campbell |
| BLAIR LEIBACH, Warden ] | |
|     Respondent. ] | |

## **M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Blair Leibach, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

On July 21, 2010, a jury in Davidson County found the petitioner guilty of conspiracy to possess with intent to distribute over 300 grams of cocaine in a school zone and possession with intent to distribute over 300 grams of cocaine in a school zone. Docket Entry No. 10-5 at pgs. 6-7. For these crimes, he received concurrent sentences of seventeen (17) years in prison. Docket Entry No. 10-1 at pgs. 86-88.

On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No. 10-21. The Tennessee Supreme Court later denied the petitioner's Rule 11 application for further review. Docket Entry No. 10-15.

In April, 2013, the petitioner filed a *pro se* petition for state post-conviction relief in the

1

Criminal Court of Davidson County. Docket Entry No. 10-16 at pgs. 29-44. Following the appointment of counsel, an amendment of the petition and an evidentiary hearing, the trial court denied the petitioner post-conviction relief. *Id.* at pgs. 127-131. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 10-12. Once again, the Tennessee Supreme Court denied petitioner's Rule 11 application for additional review. Docket Entry No. 10-24.

## II. Procedural History

On April 29, 2016, the petitioner initiated this action with the filing of a petition (Docket Entry No. 1) for writ of habeas corpus. The petition consists of three claims for relief. These claims include :

> 1) the petitioner was denied his right to testify at trial; at pgs. 10-11,
>
> 2) the petitioner was denied his right to the effective assistance of counsel because his attorney[1]
>
>> a) "through the failure to secure an interpreter for pre-trial and trial communications with Mr. Araguz, failed to explain the lesser included offense of facilitation of a felony."; at pgs. 11-12, and
>>
>> b) "through the failure to secure an interpreter for pre-trial communications with Mr. Araguz, failed to learn why Mr. Araguz had been driving a truck with a bag placed in the engine compartment, and why he had $123,000 in the vehicle." at pgs. 12-13.

Upon its receipt, the Court reviewed the petition and determined that the petitioner had stated

---

[1] At trial, the petitioner was represented by Robert Ballinger, a member of the Davidson County Bar, who had been retained for him by his family.

2

a colorable claim for relief. Rule 4, Rules - - - § 2254 Cases. Accordingly, the respondent was directed to file an answer, plead or otherwise respond to the petition. Docket Entry No. 2.

Presently before the Court is the respondent's Answer (Docket Entry No. 9), to which the petitioner has offered no reply. Having carefully considered the petition, respondent's Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Schriro v. Landrigan, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

### III. Analysis of the Claims

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. 28 U.S.C. § 2254(b)(1).

While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Consequently, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to every available level of the state court system. Rose v. Lundy, 455 U.S. 509, 518-20 (1982); Lyons v. Stovall, 188 F.3d 327,331 (6th Cir.1999). The petitioner must offer the state courts both the factual and legal bases for his claims. Hicks v. Straub, 377 F.3d 538,552 (6th Cir.2004). In other words, the petitioner must present "the same claim under the same theory" to the state courts. *Id.* It is not enough that all the facts necessary to support a federal claim were before the court or that the petitioner made a somewhat similar state law claim. Anderson v. Harless, 459 U.S. 4,6 (1982).

Once petitioner's federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[2]

The petitioner alleges that his attorney was ineffective for failing to secure the services of an interpreter who could have helped him explain to the petitioner about the lesser included offense of facilitation of a felony (Claim No. 2a) and would have helped him to learn why the petitioner had been driving a truck containing illegal drugs and a large amount of cash (Claim No. 2b).

In the state courts, the petitioner raised the issue of counsel's failure to obtain the services of an interpreter within the context of presenting discovery materials to him in Spanish, the petitioner's native language. *See* Docket Entry No. 10-19 at pg. 12. The failure to employ an interpreter, however, was never presented as ineffective assistance within the context of a lesser included offense or an explanation for petitioner's presence at the scene of the crime. Thus, petitioner's ineffective assistance claims were never fairly presented to the state courts for review.

The petitioner's claim that he was denied the right to testify (Claim No. 1), on the other hand, was raised in the state courts as an example of ineffective assistance rather than as an independent claim for relief. This claim, therefore, was also never fairly presented to the state courts.

In short, the petitioner's claims were never presented in the state courts as "the same claims under the same theories". *See* Hicks, *supra*. Unfortunately, at this late date, the petitioner is no longer able to re-litigate his claims in the state courts. *See* Tenn. Code Ann. § 40-30-102(a) and (c). Thus, by way of procedural default, the petitioner has technically met the exhaustion requirement with

---

[2] In Tennessee, a petitioner need only take his claims as far as the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; *see also* Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

respect to these claims. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

The exhaustion of a claim *via* procedural default does not, however, automatically entitle a habeas petitioner to federal review of that claim. To prevent a federal habeas petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Gray v. Netherland, 518 U.S. 152, 162 (1996).

A habeas petitioner can not rely on conclusory assertions of cause and prejudice to overcome the adverse effects of a procedural default. Rather, he must present affirmative evidence or argument as to the precise cause and prejudice produced. Lundgren v. Mitchell, 440 F.3d 754, 764 (6th Cir.2006). To demonstrate cause, the petitioner must show that an objective factor external to the defense interfered with his ability to comply with the state procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986). The prejudice element requires the petitioner to show not merely that the error at trial created a possibility of prejudice, but that it worked to his actual and substantial disadvantage, infecting the entire trial with error of constitutional dimensions. *Id.* at 477 U.S. 494. Even in the absence of cause and prejudice, though, a procedurally defaulted claim can still be reviewed if the failure to do so would result in a fundamental miscarriage of justice, Coleman v. Thompson, 501 U.S. 722, 750 (1991), i.e., the conviction of one who is actually innocent. Gibbs v. United States, 655 F.3d 473, 477 (6th Cir. 2011).

The petitioner has offered no factual allegations suggesting both cause and prejudice sufficient to excuse his procedural default of these claims. Nor has there been a showing of actual innocence. As a consequence, petitioner's claims are insufficient to support an award of habeas relief.[3]

## IV. CONCLUSION

The petitioner's claims were never fairly presented to the state courts for exhaustion. It is now too late to properly exhaust these claims in the state courts. The petitioner has shown no cause and prejudice sufficient to excuse the procedural default of these claims. Therefore, the petitioner has failed to state a claim upon which habeas relief can be granted.

An appropriate order will be entered.

Todd Campbell
United States District Judge

---

[3] In any event, the petitioner's denial of the right to testify claim (Claim No. 1) fails on the merits. A <u>Momon</u> hearing was held at trial during which the petitioner told the court that, after conferring with counsel, he did not want to testify. Docket Entry No. 10-4 at pg. 215. During his post-conviction evidentiary hearing, the petitioner reiterated that it was his decision not to testify after his attorney advised him not to. Docket Entry No. 10-17 at pg. 42.